CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 0 9 2005
JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOUGLAS FAUCONIER, #332941,<br>Plaintiff, | )<br>)  Civil Action No. 7:05-CV-00283<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| DAVE ROBINSON, ET AL.,<br>Defendants. | )  By: Hon. Glen E. Conrad<br>)  United States District Judge |

Plaintiff Douglas Fauconier, a Virginia inmate proceeding pro se, brings this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1331. Fauconier is incarcerated at Wallens Ridge State Prison (WRSP) and alleges denial of access to the courts in violation of the First Amendment. Fauconier seeks monetary damages and injunctive relief. This action is before the court pursuant to the court's screening function as set out in 28 U.S.C. § 1915A. Because Fauconier's allegations, even accepted as true, do not rise to the level of constitutional violations, this court must dismiss Fauconier's complaint.

## I. Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

In his complaint, Fauconier alleges that the prison does not provide inmates access to typewriters, inmates must pay for external transcription services if they need something typed, and Department Operating Procedure (DOP) § 851.5 serves to deny access to the courts. In order

to show denial of access to the courts, an inmate must show actual harm. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996) (holding that prisoner must show actual injury).

In claim 1, Fauconier alleges that he was denied access to a typewriter with which to file an appeal to the Supreme Court of the United States, which requires all pleadings to be typed. However, the prison, as noted by Fauconier, provides access to outside transcription services. Fauconier has not alleged that the outside transcription services would not have met his needs. In addition, Fauconier states that he decided not to file his appeal on the advice of the prison counselor. Therefore, Fauconier has not alleged any actual injury.

In claim 2, Fauconier alleges that he filed an appeal to Court of Special Appeals of Maryland and that the court rules required that pleadings be typed. Fauconier claims that he attempted to have his appeal typed by one of the outside transcription services three days before it was due. Fauconier states that the normal cost of transcription is $3 per page, but that a rush job requires prior payment of $6 per page. Fauconier alleges that he filed a hand-written appeal because he could not afford the $6 per page cost of transcription. However, Fauconier does not allege that the Maryland court did not accept the handwritten appeal. In addition, Fauconier does not allege that he could not have received a time extension and paid the lower rate. As a result, Fauconier has not alleged any harm as a result of the transcription-service policy.

In claim 3, Fauconier alleges that family members sent Fauconier legal materials but that they were returned to the sender because the mail was greater than one ounce or required more than one stamp, in violation of DOP § 851.5. Fauconier does not allege that the mail was marked as legal mail or that the defendants were aware that it contained legal materials. Fauconier alleges that he intended to review and sign the legal materials in a federal court. However,

2

Fauconier does not allege that he was actually prevented from doing so by this policy. Therefore, Fauconier has not alleged any actual harm as a result of DOP § 851.5.

## II. Conclusion

Fauconier has not alleged any actual harm as a result of the actions of the defendants. Therefore, Fauconier has not alleged facts sufficient to show a violation of his constitutional rights. As a result, this court files and dismisses this civil rights action for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered this day.

ENTER: This 9th day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE